**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:09 cr 18**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **JERRY L. ATKINS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ———————————————— | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report (#12) filed in the above entitled cause on June 9, 2009 by the United States Probation Office. In the violation report, the United States Probation Office alleges that the defendant has violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Hal G. Harrison, and the Government was present through Assistant United States Attorney, David Thorneloe, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, denied the allegations contained in the violation report that had been filed on June 9, 2009. The Government introduced, without objection, the violation report into evidence. Testimony was then presented by the government through Angela Pickett, United States Probation Officer.

The defendant was charged, in a bill of information on March 19, 2009 with one count of knowingly and willfully making and using a material false writing and document by completing and signing a "Continuing Disability Report" in which the defendant falsely claimed that he had no employment and no employment income and he submitted such document to the United States Railroad Retirement Board knowing same to be false in violation of Title 18 U.S.C. § 1001(a)(3). An initial appearance hearing, arraignment and Rule 11 proceeding was held for the defendant on April 9, 2009, at which time the defendant entered a plea of guilty to the crime with which he was charged. On that date, the undersigned entered an order releasing the defendant on a $25,000.00 unsecured bond. The undersigned further set conditions of release which included the following:

(1)     That the defendant shall not commit any offense in violation of Federal, State or local law while on release in this case.

(7)(m)  Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(7)(w)  If the defendant has one positive drug screen the defendant shall be reported back to court.

After the defendant has been released on terms and conditions of release, he was immediately tested by the United States Probation Office with what is known as an initial drug test, that drug test took place on April 9, 2009. The result of the test was positive for use of marijuana. On May 21, 2009, the defendant submitted to another urinalysis which

tested positive for the use of marijuana. The defendant denied to the United States Probation Office that he had used marijuana since April 8, 2009. The defendant's May 21, 2009 urine sample was forwarded to KROLL National Laboratories for confirmation. Also submitted to the KROLL Laboratory was the sample of urine that was collected on April 9, 2009. At the request of the United States Probation Office, KROLL Laboratories tested both samples to determine whether or not a comparison of the samples from April 9, 2009 and May 21, 2009 indicated the defendant had used or consumed marijuana during the period of time he had been on pretrial release. The government introduced into evidence as Government Exhibit 1 a letter from Pat Pizzo, Director of Toxicology at KROLL Laboratories to Lisa Morris of the US Courts dated June 3, 2009. In the letter, the director stated: "Recent scientific data indicate that a person who is a chronic user, meaning that they use the drug several times a day every day, may continue to release the drug into the urine for up to six weeks. The occasional user, meaning an individual who smokes a couple of puffs over the weekend, will eliminate the drug in less than a week. Elimination of drug is expressed in terms of a half life which is the length of time it takes for half of the drug to be eliminated. The average half-life for marijuana is 24-48 hours for an occasional user and 48-72 hours for a chronic user." The degree of concentration of marijuana is expressed by the KROLL Laboratories as the "normalized THCA value". The value for the specimen collected from the defendant on April 9, 2009 was 715. The value of the specimen collected from the defendant on May 21, 2009 was 56. Pat Pizzo, the Director of Toxicology stated it was his opinion the defendant had reused marijuana prior to the collection of May 21, 2009. The

director based this opinion upon social to moderate use of the defendant of marijuana. The government introduced into evidence as Government Exhibit 2 a document provided by KROLL Laboratories entitled "How long can the presence of Marijuana be detected in urine?". Under the classifications set forth in that document, the KROLL Laboratories stated that under a social use of marijuana, which is one to two cigarettes a month, a person would screen negative for use of marijuana within three days. Based upon a moderate use of marijuana, which is marijuana cigarette use of several a week, a defendant was screen negative within one week. Based upon a chronic use of marijuana, which is described by KROLL Laboratories of four to five marijuana cigarette usages per day, a person would usually screen negative within two weeks but detection time could extend from four to six weeks.

The defendant presented evidence that he used marijuana "one every day or so or every other day" and the defendant had used marijuana in this fashion for the past thirty-five years. After June 9, 2009, the defendant has submitted to two other drug screens and on each one of those drug screens, the defendant has tested negative with the last screen being collected on June 16, 2009. The defendant's criminal record shows a conviction on January 29, 1990 in Mitchell County, NC of operating a vehicle while having a malt beverage in the passenger area of the vehicle. The defendant has no other criminal record.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1)     finds that there is----

(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

(B) clear and convincing evidence that the person has violated any other condition of release; and

(2)    finds that ---

(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds that there is probable cause to believe that the defendant committed a Federal and State crime while on release. Taking the defendant's testimony concerning his usage of marijuana as true, the defendant smokes a marijuana cigarette " every day or so or every other day". This would classify the defendant as a moderate user of marijuana which would result in a negative drug screen within one week if the defendant did not consume any further marijuana. The defendant tested positive for use of marijuana on the date of his release and again tested positive on May 21, 2009. The undersigned finds the defendant possessed and used marijuana between the time he was placed on pretrial release on April 9, 2009 and the time of his next test on May 21, 2009. As a result, the defendant violated both Federal and State law. The undersigned does not find there is probable cause to believe the defendant committed either a Federal or State felony.

There has further been shown by clear and convincing evidence that the defendant

violated other conditions of release in that it has been shown that the defendant has violated the term and conditions of pretrial release that ordered he refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a licensed medical practitioner. The defendant has violated this condition by possessing marijuana and using that substance which is not a drug which is prescribed by licensed medical practitioners.

Due to the findings made above and further considering the testimony of the defendant that he has used marijuana for thirty-five years and considering the factors as set forth under 18 U.S.C. § 3142(g), it is the opinion of the undersigned that based upon the defendant's actions of using marijuana during the period of time he was on pretrial release, it is unlikely the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

## ORDER

IT IS, THEREFORE, **ORDERED** the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending sentencing

Signed: June 25, 2009

Dennis L. Howell
United States Magistrate Judge

6